IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RONALD L. PETERSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN M. GOOTKIN, CYNTHIA WOLKEN, JIM SALMONSEN, PETE BLUDWORTH, JESSICA SANDBERG, JOHN/JANE DOES,<br><br>    Defendants. | CV 23-78-H-BMM<br><br>**ORDER** |

    Plaintiff Ronald L. Petersen ("Petersen"), a Montana state prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) Petersen alleges Defendants have violated his right to due process by improperly removing restitution and court fees from his inmate account, beginning in October of 2009, and continuing to the present day. (*Id*. at 3, 7, 13-15.) Although Petersen references his Fifth Amendment right to due process, the Court presumes he intends to proceed under the Fourteenth Amendment as a state prisoner. *See Castillo v. McFadden*, 399 F. 3d 993, 1002 n. 5 (9th Cir. 2005) (holding that "[t]he Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

1

## I. Screening Requirement

Petersen is a pro se prisoner, accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915A. This review requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F. 3d 1122, 1126-27 (9th Cir. 2000)(en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint meets the *Iqbal/Twombly* "facial plausibility" standard when it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry focuses on whether a constitutional claim, however unartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez*, 203 F. 3d 1122 (9th Cir. 2000).

## II. Factual Allegations

Petersen is currently incarcerated at the Montana State Prison and serving a 100-year sentence for Deliberate Homicide. The Court is familiar with Petersen as he has filed two petitions for habeas corpus relief. *See Petersen v. Frink*, Cause No. CV-12-125-M-DLC, Or. (D. Mont. Feb. 29, 2016); *see also Petersen v. Bludworth*, Cause No. CV-21-52-M-DLC, Or. (D. Mont. June 21, 2021).

Petersen asserts that Defendant Sandberg, who works for the Montana Department of Corrections ("DOC") Collections Unit, has removed funds from his inmate trust account repeatedly for the payment of restitution and court fees in conjunction with his criminal case, *State v. Petersen*, DC-08-26, but that no restitution or court fees were ordered. (Doc. 2 at 13.) Petersen claims other unknown John and Jane Does, employed by the DOC Collections Unit, also have unlawfully removed funds without a court order. (*Id.*)

Petersen states that he made Warden Jim Salmonsen aware of the unlawful takings, but that Warden Salmonsen has failed to remedy the situation. (*Id*. at 13-14.) Likewise, Petersen states that while incarcerated at Crossroads Correctional Center, he notified Warden Bludworth of the events and appealed to Warden Bludworth while exhausting his grievances. Warden Bludworth denied Petersen's appeal and refused to remedy the situation. (*Id*. at 14.)

Petersen claims Deputy Director of the DOC, Defendant Wolken, denied his Corrections Director-level grievance and refused to take action on his behalf. Petersen also asserts that Director of the DOC, Defendant Gootkin, should have known of these events through Defendant Wolken, and that he has also failed to correct the error. (*Id*. at 15.)

Petersen asks the Court to order the DOC Collections Unit to cease removing funds from his inmate trust account for the payment of restitution and court fees. (*Id*.) Petersen requests that the Court order all funds that have been taken, in the amount of $1,730.29, be returned. Petersen seeks $500 in compensatory damages and $500 in punitive damages for the theft of his property. (*Id*.)

### III. Analysis

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). The due process clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. Amend. XIV, § 1. This clause provides a basis for both substantive and procedural due process claims. To state an actionable Fourteenth Amendment procedural due process claim, a plaintiff must allege facts showing "(1) a liberty interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F. 3d 905, 913 (9th Cir. 2000). The procedural guarantees of the Fourteenth Amendment's due process clause apply only when a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).

 As a preliminary matter, it seems the crux of Petersen's argument is his contention that the provision in the amended judgment ordering restitution, was a recommendation made by the District Court to the Department of Corrections and the Board of Pardons, in the event that Petersen was paroled. *See e.g.*, Petersen Grievance (Doc. 2-1 at 1.) Petersen seems to believe that he is not obligated to make restitution payments unless and until he is released from custody. *See* (Doc. 2 at 13-15.)

Petersen was informed that the DOC is obligated by law to collect court ordered restitution, whether restitution is a condition of probation or parole. (*Id.*) (*citing* Mont. Code Ann. § 53-1-107.) This same finding was affirmed by Warden Bludworth on January 12, 2021, (*id.* at 2), and by Deputy Director Wolken, on February 4, 2021. (*Id.* at 3.)

The Court independently has reviewed the Amended Judgment and Commitment entered in Petersen's state criminal case.[1] *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011) (proceedings, including orders and filings in other courts, including state courts, are the proper subject of judicial notice when directly related to the case at issue). Paragraph 14 of the Amended Judgment provides in pertinent part:

> The Defendant will pay court ordered victim restitution in the amount of $59,696.82 Dollars [*sic*] in a timely fashion. The P&P officer will determine the amount of payments if the offender is on supervision; otherwise, the DOC will take a portion of the offender's inmate account if the offender is incarcerated . . ..

*State of Montana v. Petersen*, Cause No. DC-08-28, Amended Judgment ad Commitment (Mont. 20th Judicial Dist. 2010). Additionally, MCA § 53-1-17(2)(a) provides that the DOC may use a portion of the funds in an inmate's Financial

---

[1] For purposes of clarity, a copy of Petersen's state court judgment in *State v. Petersen*, Cause No. DC-08-26, will be attached as an exhibit to this Order.

Transactions and Trust Account System to "satisfy court-ordered restitution, whether or not restitution is a condition of probation or parole."

A state inmate has a property interest protected by federal due process in the funds in his prison trust account. *Quick v. Jones*, 754 F. 2d 1521, 1523 (9th Cir. 1985). A deduction from an inmate trust account to satisfy a restitution order does not state a substantive or procedural due process claim if the deduction is authorized by state law. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) ("[W]hen a prison regulation impinges in inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.") The Ninth Circuit has determined that state laws providing for a corrections department to make "deductions from the wages and trust account deposits of prisoners for payment of restitution obligations is rationally related to legitimate states interests in compensating crime victims." *Craft v. Ahuja*, 475 Fed. Appx. 649, 650 (9th Cir. 2012) (*citing Turner*, 482 U.S. at 89). Accordingly, to the extent the removal of funds from Petersen's prison account statement to satisfy a restitution order was authorized by Montana state law, Petersen has failed to state a substantive or procedural due process claim upon which relief can be granted.

To the extent Petersen believes the deductions were not authorized by state law because the restitution order was conditioned upon his being released on probation or parole, he also fails to state a due process claim. "[A]n unauthorized

intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Montana Tort Claims Act, Mont. Code Ann. §§ 2–9–101, et seq., provides an adequate post-deprivation remedy. *See e.g.*, Mont. Code Ann. § 2–9–101(1) (2023). Additionally, "the Due Process Clause is [ ] not implicated by a negligent act of an official causing unintended loss of or injury to . . . property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). To the extent that Petersen challenges the unauthorized or negligent taking of his money, in contravention of state statutes authorizing the same, the MTCA provides him with an adequate state post-deprivation remedy. Petersen's substantive and procedural due process claims challenging the taking of money from his inmate account statement for restitution payments are not cognizable in a § 1983 action.

Finally, to the extent that Petersen believes the grievance process itself was unfair, he fails to state a claim. Prisoners are not entitled to prison grievance procedures as a matter of course. A claim that prison officials failed to comply with such procedures or failed to resolve a particular grievance in a favorable manner is not, on its own, cognizable under Section 1983. *See Ramirez v. Galaza*, 334 F. 3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir.

1988), *cert. denied*, 488 U.S. 898 (1988) ("There is no legitimate claim of entitlement to a grievance procedure."). Put another way, Petersen has no due process right to have his grievances processed or investigated in a specific way. Petersen fails to state a claim.

Section 1915A of Title 18 of the U.S. Code requires the dismissal of a complaint that fails to state a claim upon which relief may be granted but does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Petersen has failed to state a claim upon which relief may be granted. Petersen alleges no violation of federal law. This is a defect which could not be cured by amendment; leave to amend would be futile. This matter will be dismissed.

## "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing in forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g).  Petersen has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d 1048, 1055 (9th Cir. 2016) (*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)). The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Accordingly, **IT IS ORDERED**:

1. This matter is **DISMISSED**. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.  The Clerk shall attach Petersen's state court judgment to this Order as an exhibit.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike because the Complaint fails to state a claim upon which relief may be granted.

DATED this 4th day of January, 2024.

_____
Brian Morris, Chief District Judge
United States District Court